UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
F I L E D

SEP 2 8 2020

AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROSSEN IOSSIFOV, | ) |
| | ) |
| Defendant. | ) |

No. 5:18-CR-81-REW

**JURY INSTRUCTIONS**

\*\*\* \*\*\* \*\*\* \*\*\*

### #1: Introduction

Members of the jury, now it is time for me to instruct you about the law you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that Rossen Iossifov is accused of committing.

Then I will explain some rules you must use in evaluating particular testimony and evidence.

And last, I will explain the rules you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

1

### #2: Jurors' Duties

You have two main duties as jurors. The first one is to decide what the facts are from the evidence you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice you may feel toward one side or the other influence your decision in any way.

### #3: Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment, formally, here, the Second Superseding Indictment, is not any evidence at all of guilt. It is just the formal way the government tells a defendant what crime or crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with the defendant unless the government presents evidence here in court that overcomes the presumption, convincing you beyond a reasonable doubt that he is guilty of a particular charge or charges.

This means that the defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. It is up to the government to prove that the defendant is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty of a charge beyond a reasonable doubt, say

so by returning a guilty verdict as to that particular charge against the defendant.  If you are not convinced, say so by returning a not guilty verdict as to that charge against the defendant.

### #4: Evidence Defined

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only: what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and any stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked.  I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I may have ordered you to disregard things that you saw or heard. You must completely ignore all of these things.  Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

4

### #5: Consideration of Evidence

You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

5

## #6: Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness that, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### #7: Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask

yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

### #8: Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based on the number of witnesses who testified. What is important is how believable the witnesses were, and how much weight you think the testimony of each witness deserves. Concentrate on that, not the numbers.

8

### #9: Lawyers' Objections

There is one more general subject I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on any feeling or sense I have about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court and these instructions.

## #10: Introduction (Defining the Alleged Crimes)

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the defendant guilty of the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge in this case. Your job is to decide if the government has proved the defendant guilty as to each particular charge. Do not let the possible guilt of others influence your decision in any way.

## #11: Separate Consideration

The defendant has been charged with two crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on the other charge.

### #12: RICO Conspiracy

Count 1 charges Rossen Iossifov with knowingly and voluntarily participating in a RICO conspiracy, in violation of federal law.

A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the Government must prove each of the following elements beyond a reasonable doubt:

> First, during the period and where alleged in Count 1, that two or more persons conspired, or agreed, to participate in the conduct of an enterprise that would affect interstate or foreign commerce through a pattern of racketeering activity;
>
> Second, that the defendant knowingly and willfully joined that agreement; and
>
> Third, that the defendant or another member of the conspiracy agreed to commit at least two acts of racketeering activity, as I will define that term.

You must be convinced that the Government has proved these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

Now I will give you more detailed instructions on some of these terms or elements.

### EXISTENCE OF CONSPIRACY

The first element the Government must establish beyond a reasonable doubt is that there was a conspiracy among two or more persons to participate in the conduct of an enterprise that would affect interstate or foreign commerce through a pattern of racketeering activity.

A "conspiracy" is an agreement among two or more persons to achieve an unlawful object. This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to

11

establish a criminal agreement. These are things that you may consider in deciding whether the Government has proved an agreement. But without more they are not enough.

What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to participate in the conduct of (1) an enterprise (2) that would affect interstate or foreign commerce (3) through a pattern of racketeering activity.

An agreement can be proved indirectly, by facts and circumstances that lead to a conclusion that an agreement existed. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

The indictment charges that the "enterprise" in this case was a group of individuals associated together in fact, but not as a legal entity. An enterprise need not be a formal business entity such as a corporation, but may be merely an informal association of individuals. A group or association of individuals can be an enterprise if they have associated together for the common purpose of engaging in a course of conduct. This is referred to as an "association in fact" enterprise.

In order to find the existence of an "association in fact," you must find that the Government proved beyond a reasonable doubt each of the following:

First: That the group had a purpose and longevity sufficient for the members of the group or those associated with the group to pursue its purpose;

Second: That the group had an ongoing organization, formal or informal, with some sort of framework for carrying out its objectives; and

Third: That there was a relationship among the members of the group or those associated with members of the group, and that the members of the group functioned as a continuing unit to achieve a common purpose.

12

However, the government does not have to prove that the enterprise had some function wholly unrelated to the racketeering activity; the enterprise may be formed solely for the purpose of carrying out a pattern of racketeering activity. The existence of an "association in fact" enterprise is often proved by what it does, rather than by abstract analysis of its structure.

Evidence that shows a pattern of racketeering activity may be considered in determining whether the government has proved the existence of an enterprise beyond a reasonable doubt, and proof of a pattern of racketeering activity may be sufficient for you to infer the existence of an "association in fact" enterprise. Also, evidence showing the oversight or coordination of the commission of several different racketeering acts and other activities on an ongoing basis may be considered in determining whether the enterprise had a separate existence.

To prove an "association in fact" enterprise, the government need not prove that the group had a hierarchical structure or a chain of command; decisions may be made on an ad hoc basis and by any number of methods. The Government also need not prove that members of the group had fixed roles; different members may perform different roles at different times. The Government need not prove that the group was a business-like entity, or that it had a name, or regular meetings, or established rules and regulations, or the like. An enterprise is also not limited to groups whose crimes are sophisticated, diverse, complex, or unique.

Such an association of individuals may retain its status as an "enterprise" even though the membership of the association changes over time by adding or losing individuals during the course of its existence.  The existence of the enterprise continues even if there is a gap or interruption of the enterprise's racketeering activities.Interstate or foreign commerce includes the movement of goods, services, money, and individuals between states. The Government must prove that the

13

enterprise engaged in interstate or foreign commerce or that its activities affected interstate or foreign commerce in any way, no matter how minimal. It does not have to prove that the particular racketeering activity or the acts of any particular defendant affected interstate or foreign commerce, although proof of either is sufficient to satisfy this element. The Government is also not required to prove that any defendant knew he was affecting interstate or foreign commerce. All that is needed is proof that the acts of the enterprise had an effect on interstate or foreign commerce.

Finally, to prove a pattern of racketeering activity, the Government must prove that the acts of racketeering are or were related to each other and that they posed a threat of continued criminal activity. The Government has charged the members of the conspiracy with committing the following racketeering acts:

a. Mail and Wire Fraud

b. Trafficking in Goods or Services Bearing Counterfeit Trademarks

c. Identity Theft

d. Money Laundering

These crimes are further described below. You must find that the members of the conspiracy committed two of these acts within ten years of each other.

It is not sufficient for the Government to prove only that the members of the conspiracy committed two of the racketeering acts I have just described. A series of disconnected acts does not constitute a pattern, and a series of disconnected crimes does not constitute a pattern of racketeering activity, nor do they amount to or pose a threat of continued racketeering activity.

To prove that the acts of racketeering are related, the Government must prove that the acts had the same or similar purposes, results, participants, victims, or methods of commission, or that they are otherwise interrelated by distinguishing characteristics and were not isolated events.

To prove that the racketeering acts posed a threat of continued racketeering activity, the Government must establish that (1) the acts were part of a long term association that existed for criminal purposes; or (2) the acts were a regular way of conducting the defendant's ongoing legitimate business; or (3) the acts were a regular way of conducting or participating in an ongoing and legitimate RICO enterprise.

## CONNECTION TO CONSPIRACY

With regard to the **second element**—a defendant's connection to the conspiracy—the government must prove that the particular defendant knowingly and voluntarily joined that agreement. The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you

15

may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances that lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

## RACKETEERING ACTS

The third element the Government must prove beyond a reasonable doubt is that Rossen Iossifov or another member of the conspiracy agreed to commit at least two acts of racketeering activity.

To prove this element, the Government must prove that the defendant agreed to participate in the overall objective of the enterprise to engage in a pattern of racketeering activity. It does not need to prove that Rossen Iossifov agreed to commit the individual criminal acts. In other words, the Government must prove that Rossen Iossifov participated in some manner in the overall objective of the conspiracy, and that the conspiracy involved, or would have involved, the commission of two racketeering acts. The Government is not required to prove either that Rossen Iossifov agreed to commit two racketeering acts or that he actually committed two such acts, although you may conclude that he did so.

For the purposes of this count, the indictment alleges that the following types of racketeering acts were or were intended to be committed as part of the conspiracy:

1) Mail and Wire Fraud

2) Trafficking in Goods or Services Bearing Counterfeit Trademarks

3) Identity Theft

4) Money Laundering

The Government must prove that two acts within these types were or were intended to be committed as part of the conspiracy. The two intended acts may be of the same type. Your verdict must be unanimous as to which type or types of racketeering acts Rossen Iossifov agreed some member of the conspiracy would commit.

## #13: Racketeering Acts

1.  Mail and Wire Fraud

The offenses of mail and wire fraud each consist of four elements. They share the first three elements. To prove mail or wire fraud as part of the alleged Count 1 conspiracy, the Government must prove:



First, that a member of the conspiracy knowingly participated in or devised a scheme to defraud in order to deprive another of money or property, that is: using the Internet to post fake advertisements for vehicles and other items, and luring victims into sending funds, often via wiring funds from a bank, emailing prepaid debit card photographs, or mailing U.S. Postal money orders, to pay for nonexistent items that were never delivered;

Second, that the scheme included a material misrepresentation or concealment of a material fact; and

Third, that the member of the conspiracy had the intent to defraud.

Additionally, the Government must prove a fourth element to prove mail or wire fraud:

To prove mail fraud, the Government must prove the first three elements AND:

That the member of the conspiracy used the mail or caused another to use the mail in furtherance of the scheme.

To prove wire fraud, the Government must prove the first three elements AND:

That the member of the conspiracy used wire communications or caused another to use wire communications in interstate or foreign commerce in furtherance of the scheme.

Now I will give you more detailed instructions on some of these terms.

18

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

A misrepresentation is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a person of ordinary prudence and comprehension.

To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself or to another person.

To "cause" wire communications to be used is to do an act with knowledge that the use of communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

The term "interstate or foreign commerce" includes wire communications that crossed a state line.

It is not necessary that the government prove (a) all of the details alleged concerning the precise nature and purpose of the scheme, (b) that the material transmitted by wire communications or mail was itself false or fraudulent, (c) that the use of the wire communications or mails was

intended as the specific or exclusive means of accomplishing the alleged fraud, or (d) that Rossen Iossifov obtained money or property for his own benefit.

    2.   Trafficking in Goods or Services Bearing Counterfeit Trademarks

To prove the racketeering act of trafficking in goods or services bearing counterfeit trademarks, the Government must prove each of the following elements beyond a reasonable doubt:

First, that a member of the conspiracy conspired to traffic in goods or services;

Second, that such trafficking was intentional;

Third, that the member of the conspiracy conspired to use a counterfeit mark on or in connection with such goods and services; and

Fourth, that the member of the conspiracy knew that the mark he was conspiring to so use was counterfeit.

Now I will give you more detailed instructions on some of these terms.

To "traffic" means to transport, transfer, or dispose of, to another, for purposes of commercial advantage or private financial gain, or to import, export, obtain control of, or possess with intent to do transport, transfer, or otherwise dispose of.

"Financial gain" includes the receipt, or expected receipt, of anything of value.

An act is "intentional" if done deliberately or on purpose. The Government, however, is not required to prove that the member of the conspiracy intended to violate the law, or that the member of the conspiracy knew his or her conduct was illegal. The Government need only show that the member of the conspiracy acted deliberately or on purpose.

A "counterfeit mark" is a false mark (i) used in connection with trafficking in any goods, services, documentation or packaging; (ii) that is identical with, or substantially indistinguishable from, a mark registered on the principal register in the United States Patent and Trademark Office and in use, whether or not the defendant knew such mark was so registered; (iii) that the member of the conspiracy conspired to use in connection with the same goods or services for which the mark was then registered with the United States Patent and Trademark Office, or consists of documentation, or packaging of any type or nature that was designed, marketed, or otherwise intended to be used on or in connection with the goods or services for which the mark was then registered in the United States Patent and Trademark Office; and (iv) the use of the mark in the manner in which the defendant conspired to use it, was likely to cause confusion, to cause mistake, or to deceive.

3.  Identity Theft

There are five ways to commit the racketeering act of identity theft that may be relevant to this case. (a) The first is transferring a false identification document or authentication feature. To prove the racketeering act of transferring a false identification document or authentication feature, the Government must prove each of the following elements beyond a reasonable doubt:

First, that a member of the conspiracy transferred a false identification document or authentication feature;

Second, that the member knew that such document or authentication feature was produced without lawful authority; and

Third, that the transfer of the document or feature occurred in or affected interstate or foreign commerce.

21

Now I will give you more detailed instructions on some of these terms.

The term "false identification document" means a document of a type intended or commonly accepted for the purposes of identification of individuals that is not issued by or under the authority of a governmental entity or was issued under the authority of a governmental entity but was subsequently altered for purposes of deceit, and appears to be issued by or under the authority of the United States Government, a State, or a political subdivision of a State.

The term "authentication feature" includes any hologram that is used by the issuing authority on an identification document to determine if the document is counterfeit, altered, or otherwise falsified.

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The term "transfer" includes selecting an authentication feature or false identification document and placing or directing the placement of such document on an online location where it is available to others.

The phrase "was in or affected interstate or foreign commerce" means that the prohibited transfer had at least a minimal connection with interstate or foreign commerce. This means that the authentication feature or document's transfer had some effect upon interstate or foreign commerce. For instance, a showing that a document at some time traveled or was transferred across a state line or internationally would be sufficient. The phrase "interstate commerce" means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia. The phrase "foreign commerce" means commerce between any state, territory, or possession of the United States and a foreign country. The term "commerce"

22

includes, among other things, travel, trade, transportation, and communication. The Government is not required to prove that Rossen Iossifov was aware of a future effect upon interstate or foreign commerce, but only that the scheme, if completed, would have had such results.

(b) The second way to commit the racketeering act of identity theft is unlawfully producing an identification document, authentication feature, or false identification document. To prove this act as part of the alleged conspiracy, the Government must prove:

First, that a member of the conspiracy knowingly produced an identification document, authentication feature, or false identification document;

Second, that the member of the conspiracy produced the identification document, authentication feature, or false identification document without lawful authority; and

Third, that the member of the conspiracy produced the identification document, authentication feature, or false identification document under the following circumstances:

(i) The production was in or affected interstate or foreign commerce, or

(ii) The identification document, false identification document, or authentication feature was transported in the mail in the course of the prohibited production.

(c) The third way to commit the racketeering act of identity theft is unlawfully possessing, with the intent to transfer, five or more identification documents, authentication features, or false identification documents. To prove this act as part of the alleged conspiracy, the Government must prove:

First, that a member of the conspiracy possessed five or more identification documents, authentication features, or false identification documents;

23

Second, that the member of the conspiracy knowingly possessed the identification documents, authentication features, or false identification documents with intent to use or transfer them unlawfully; and

Third, that the member of the conspiracy possessed the identification documents, authentication features, or false identification documents under the following circumstances:

(i)    The production was in or affected interstate or foreign commerce, or

(ii)    The identification document, false identification document, or authentication feature was transported in the mail in the course of the prohibited production.

(d)    The fourth way to commit the racketeering act of identity theft is unlawfully transferring, possessing, or using a means of identification, in violation of federal law. To prove this act as part of the alleged conspiracy, the Government must prove:

First, that a member of the conspiracy transferred, possessed, or used, without lawful authority, a means of identification of a person;

Second, that the member of the conspiracy knowingly did so with the intent to commit, or to aid and abet, or in connection with, any unlawful activity that constitutes a violation of federal law, that is, wire fraud, mail fraud, and money laundering; and

Third, the transfer, possession, or use of the means of identification was in or affected interstate or foreign commerce, or the means of identification was transported in the mail in the course of the transfer, possession, or prohibited use.

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any (1) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number, (2) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation, (3) unique electronic identification number, address, or routing code, or (4) telecommunication identifying information or access device.

(e)  The fifth way to commit the racketeering act of identity theft is trafficking in false or actual authentication features, in violation of federal law. To prove this act as part of the alleged conspiracy, the Government must prove:

First, that a member of the conspiracy knowingly trafficked in false authentication features;

Second, that the authentication features were for use in false identification documents or means of identification; and

Third, that the trafficking in the false authentication features occurred in or affected interstate or foreign commerce, including the transfer of a document by electronic means.

4.  Money Laundering

The fourth type of predicate racketeering act alleged is money laundering. I will explain the elements of money laundering in the next instruction.

## #14: Conspiracy to Commit Money Laundering

**Count 3** charges Rossen Iossifov with conspiring with others to commit money laundering in violation of federal law. Money laundering also is an alleged predicate racketeering act in Count 1.

Again, a conspiracy is a kind of criminal partnership. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal. For you to find the defendant guilty of the charge in Count 3, you must find that the government has proved each of the following elements beyond a reasonable doubt:

First, that, as alleged in Count 3 two or more persons conspired or agreed to commit the crime of money laundering; and

Second, that the defendant knowingly and voluntarily joined the conspiracy.

As to the money laundering conspiracy charge in Count 3, if you are convinced that there was a criminal agreement, then you must decide whether the Government has proved that the defendant knowingly and voluntarily joined that agreement. The Government must prove that the defendant knew the conspiracy's main purpose and that he voluntarily joined it intending to help advance or achieve its goals.

As I mentioned in the RICO conspiracy instruction, this does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the Government has proved that the defendant joined the alleged conspiracy. But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the Government to convince you that such facts and circumstances existed in a particular case.

For the racketeering act and the conspiracy to commit money laundering charges, the indictment alleges four ways money laundering was committed. The first two are considered more traditional money laundering offenses, and the second two are international money laundering offenses. To commit a conspiracy to commit money laundering offense, it is not necessary that the defendant actually committed every one of these offenses, only that his actions constituted, or he agreed to the commission of, at least one of these money laundering offenses. Similarly, to qualify as a racketeering act, a member of the conspiracy only needs to have committed or agreed to commit one of these money laundering offenses.

The first traditional money laundering offense alleged in the indictment is that the defendant conducted a financial transaction, knowing the transaction was designed to promote a specified unlawful activity, in violation of federal law. For this type of money laundering, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

27

First, that the defendant conducted a financial transaction.

Second, that the financial transaction involved property that represented the proceeds of specified unlawful activities; here, those are alleged as wire fraud and conspiracy to commit wire fraud.

Third, that the defendant knew that the property to be involved in the financial transaction represented the proceeds from some form of unlawful activity.

Fourth, that the defendant had the intent to promote the carrying on of the specified unlawful activities.

The second type of traditional money laundering offense involves a financial transaction that is designed to conceal facts related to proceeds, in violation of federal law. For this type of money laundering, you must find that the Government has proved the same first three elements of the offense described above. For the fourth element, the Government must prove:

Fourth, that the defendant knew that the transaction would be designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of wire fraud, mail fraud, trafficking in goods or services bearing counterfeit marks, or identity theft.

Next, I will explain the two types of "international money laundering." First, it is unlawful to conduct an international transmission or transfer of funds to promote specified unlawful activities, in violation of federal law. For this type of money laundering, you must find that the Government has proved the each of the following elements beyond a reasonable doubt:

First, that the defendant transmitted or transferred a monetary instrument or funds.

Second, that the defendant's transmission or transfer was from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States.

Third, that the defendant's transmission or transfer of the monetary instrument or funds was done with the intent to promote the carrying on of specified unlawful activities; here, those are wire fraud and conspiracy to commit wire fraud.

Finally, it is unlawful to transmit or transfer proceeds from specified unlawful activities in a way that is designed to conceal facts related to proceeds, in violation of federal law. For this type of money laundering, you must find that the Government has proved the first two elements of the offense described above. Additionally, the Government must prove:

Third, that the defendant knew that the monetary instrument or funds involved in the transmission or transfer represented the proceeds of some form of unlawful activity.

Fourth, that the defendant knew that the transmission or transfer was designed in whole or in part -to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activities; here, those are wire fraud, mail fraud, identity theft, or trafficking in goods or services bearing counterfeit marks.

For the act of racketeering activity, relative to Count 1, the defendant need not have been the individual that made the unlawful financial transactions outlined above. Rather, the Government need only prove that a member of the conspiracy committed an act of money laundering to prove this act of racketeering activity. Also, as to Count 1, and differentiated from the Count 3 instruction, the specified unlawful activities alleged are wire fraud, mail fraud, identity theft, and trafficking in goods or services bearing counterfeit marks.

29

Now I will give you more detailed instructions on some of these terms.

The term "financial transaction" means

(A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or

(B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree;

The term "financial institution" means an insured bank, the United States Postal Service, a currency exchange, and any other person who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system.

The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

The word "proceeds" means any property derived from or obtained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The phrase "knew that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew the property involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law. The Government does not have to prove the defendant knew the property involved represented proceeds of a felony as long as he knew the property involved represented proceeds of some form of unlawful activity.

30

The term "monetary instruments" means coin or currency of the United States, or of any other country, bank checks, and money orders. The term "funds" includes cryptocurrencies, including bitcoin.

To prove a racketeering act and to prove a conspiracy, the Government need only prove that the defendant conspired to commit one of these types of money laundering. You must, to find the defendant guilty based on money laundering, for either Count 1 or Count 3, unanimously agree to the type or types of money laundering crime that the defendant conspired to commit.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

If you are convinced that the government has proved all of these elements beyond a reasonable doubt, say so by returning a guilty verdict. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## # 15: Inferring Required Mental State

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results.

This, of course, is all for you to decide.

32

## # 16: Deliberate Ignorance

Next, I want to explain something about proving a defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that fraud was being committed, or that transactions were fraudulent or involved proceeds of fraud, then you may find that he knew that fraud was being committed, or that transactions were fraudulent or involved proceeds of fraud.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that fraud was being committed, or that transactions were fraudulent or involved proceeds of fraud, and that the defendant deliberately closed his eyes to what was obvious. Carelessness or negligence or foolishness on the defendant's part are not the same as knowledge and are not enough to support a finding of guilt on any of these counts. This, of course, is all for you to decide.

### # 17: Dates in the Indictment

Next, I want to say a word about the dates mentioned in the Indictment.

The Indictment charges that the crimes happened "on or about" certain dates. The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

### # 18: Use of the Word "and" in the Indictment

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

### # 19: Unindicted Co-Conspirators

Now, some of the people who may have been involved in these events are not on trial, or even charged. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter to your evaluation.

34

**# 20: Venue**

Also, some of the events that you have heard about happened in other places. There is no requirement that any charged conspiracy take place entirely here in the Eastern District of Kentucky. But for you to return a guilty verdict on any conspiracy charge, the government must convince you that either the agreement or one of the acts in furtherance of such charged conspiracy took place here in the Eastern District of Kentucky.

Unlike all the other elements that I have described, this is a fact that the government must prove by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that a fact required under this instruction is true.

Remember that all the other elements I have described must be proved beyond a reasonable doubt.

**# 21: Introduction (Evidentiary Matters)**

That concludes the part of my instructions explaining the elements of the crime. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

### # 22: Witness Testifying to Both Facts and Opinions

You have heard the testimony of Ronan McGee, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the opinion testimony, you do not have to accept Mr. McGee's opinions. In deciding how much weight to give them, you should consider the witness's qualifications and how he or she reached his or her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## # 23: Impeachment by Prior Conviction or Prior Inconsistent Statement

You have heard the testimony of multiple witnesses. You may have heard that before this trial a witness was convicted of a crime. You may have also heard that before this trial a witness made a statement that may be different from his or her testimony here in court.

This earlier conviction or statement was brought to your attention only as one way of helping you decide how believable the testimony was. Do not use either for any other purpose. Neither is evidence of anything else.

## #24: Testimony of a Witness Under Potential Reduced Criminal Liability

You have heard the testimony of various witnesses awaiting final sentencing who are seeking a sentencing benefit in exchange for cooperation in this case. It is permissible for the government to offer sentencing consideration in this way. But you should consider these witnesses' testimony with more caution than the testimony of other witnesses. Consider whether this testimony may have been influenced by the government's offer.

Do not convict a defendant based on the unsupported testimony of such a witness, standing alone, unless you believe such testimony beyond a reasonable doubt.

## # 25: Testimony of an Alleged Accomplice

You have heard the testimony of Beniamin-Filip Ologeanu, Bogdan Popescu, Florin Arvat, Alexandru Ion, Ionut Ciobanu, and Andrei Stoica. You have also heard that they were involved in the same crime that the defendant is charged with committing. You should consider these witnesses' testimony with more caution than the testimony of other witnesses.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

The fact that these witnesses have pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

## # 26: Defendant's Testimony

You have heard Rossen Iossifov testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

## # 27: Statement by Defendant

You have heard evidence that Rossen Iossifov made a statement in which the government claims he admitted certain facts. It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

You may not convict the defendant solely upon his own uncorroborated statement or admission.


## # 28: Other Acts of Defendant

You have heard testimony that the defendant committed acts other than the ones charged in the indictment. If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim on the defendant's intent, preparation, plan, knowledge, or absence of mistake as to the issues in this case. You must not consider it for any other purpose.

Remember that the defendant is on trial here only for the crimes charged, not for the other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

### # 29: Secondary-Evidence Summaries Admitted in Evidence

During the trial you have seen or heard summary evidence in the form of a chart, calculation, testimony, or similar material. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

### # 30: Summaries Not Received in Evidence

You have seen certain evidentiary summary graphics illustrating communications and flow of funds of the alleged conspiracy. These summaries are not evidence. Instead, they are only illustrative aids to the presentation and understanding of the evidence. You must determine the facts only from the evidence actually admitted.

### # 31: Stipulation

The government and the defendant have agreed, or stipulated, to certain facts. I read these stipulated facts to you previously, and you will have a copy of the stipulation with you in the jury room. You must accept those stipulated facts as proved.

40

## # 32: Introduction (Deliberations)

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the Court Security Officers (CSOs), or to me, or to anyone else except each other about the case. If you have a question or message, you must write it down on a piece of paper, have the foreperson put his or her number on it, fold the piece of paper such that no writing is outwardly visible, and then give it to the CSO. Typically, any questions or messages should be signed by and passed to the CSO through your foreperson. The CSO, without reading it, will then give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.

A copy of all paper or electronic exhibits that were admitted in evidence will be provided to you. You will have a dedicated viewer for examining admitted electronic evidence. Physical exhibits or evidence that may be contraband will be available for you to view, and you may ask to see any of that evidence at any time. If you have questions about how to access an exhibit or wish to view an exhibit not provided to you, alert the Court through a CSO using the jury note procedure outlined above.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

41

## #33: Research / Investigation / Outside Communications

Remember that you must make your decision based only on the evidence that you saw and heard here in court. That is part of your solemn oath.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, app, or website such as Facebook, LinkedIn, YouTube, Twitter, Instagram, or Snapchat to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. You must inform me if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is required by law and by your oath that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is imperative that you not be influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and

a mistrial could result, which would require the entire trial process to start over. That juror also would face potential consequences for violating the oath that I have described and you each took.

### # 34: Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case. I allowed you to take notes during the parties' opening statements and closing arguments. As I told you before, the lawyers' statements and arguments are not evidence. The same is true for your notes based on those statements and arguments. Your decision should be based only my instructions on the law, the evidence, as I have defined it, and nothing else.

## #35: Unanimous Verdict

Your verdict as to a charge, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty of a charge, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt as to that charge.

To find the defendant not guilty of a charge, every one of you must agree that the government has failed to convince you beyond a reasonable doubt as to that charge.

Either way, guilty or not guilty, your verdict must be unanimous as to each charge.

### # 36: Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you finally are free to talk about the case in the jury room and to deliberate. To deliberate is to think about or discuss issues and decisions carefully. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement for each charge, but only if you can do so honestly and in good conscience. Each juror is entitled to his or her views and opinions about the evidence and its weight. You must, however, follow the law as I have instructed.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty of a charge beyond a reasonable doubt.

### # 37: Punishment

If you decide that the government has proved the defendant guilty of a charge, it will be my role alone to decide what the appropriate punishment should be.

Deciding punishment is not your role—you are the triers of fact. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty of a charge beyond a reasonable doubt.

### # 38: Verdict Form

I have prepared a verdict form that you should use to record your verdicts. If you decide that the government has proved the defendant guilty of a charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form as to that charge. If you decide that the government has not proved the defendant guilty of a charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form as to that charge. Your foreperson should then sign and write the date on the form, in the space indicated. Simply follow the instructions and prompts on the form. Once you have completed, signed, and dated the verdict form, alert the CSO that you have a verdict.

46

### # 39: Court Has No Opinion

Now, let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty of any charge beyond a reasonable doubt. The Court is wholly neutral.

\*\*\*

**(That concludes my instructions.)**