**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5:18-CR-081-S-REW-15**

**UNITED STATES OF AMERICA**                                                             **PLAINTIFF**

**V.**               **DEFENDANT ROSSEN IOSSIFOV'S SENTENCING**
                     **MEMORANDUM AND WITNESS LIST**

**ROSSEN IOSSIFOV**                                                                        **DEFENDANT**

\* \* \* \* \*

Comes the Defendant, Rossen Iossifov ("Iossifov"), by counsel, and for his Sentencing Memorandum and Witness List states as follows[1]:

    **A.**     **OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

1. Iossifov objects to ¶¶ 7-18 of the Presentence Report ("PSR") to the extent those paragraphs implicate him as a participant in the conspiracy described in those paragraphs, which he specifically denies. Iossifov incorporates by reference the arguments made in support of his motions made pursuant to Federal Rule of Criminal Procedure 29 at the conclusion of the United States' evidence and after the close of all evidence.

2. Iossifov objects to ¶ 19 of the PSR to the extent that it alleges that Rossen presented false testimony at trial. Application Note 2 to U.S.S.G. § 3C1.1 provides that "[i]n applying this provision in respect to alleged false testimony or statements by the defendant, the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake or faulty memory and, thus, not all in accurate testimony or statements necessarily reflect a willful

---

[1] By submitting this Sentencing Memorandum, Iossifov is not waiving his argument that the Court lacks jurisdiction as was set forth more specifically in his Motion to Dismiss [DE 596] and as was asserted at trial.

12135952v1

attempt to obstruct justice." As noted by Judge Nathaniel Jones in dissent in *United States v. Garcia*, 20 F.3d 670, 677 (6th Cir. 1994), a defendant's inability to speak English should be taken into account in determining whether an enhancement pursuant to U.S.S.G. § 3C1.1 is warranted. There is not proof beyond a preponderance of the evidence that Iossifov knowingly and willfully presented false testimony regarding the Protonmail account or the frequency with which the identity of RG Coins customers was verified. In fact, he admitted that he had a personal Protonmail account and could have been confused regarding questions regarding verification since both employees and Iossifov handled transactions for RG Coins customers. Furthermore, it is beyond dispute Iossifov was in custody when the password to the Dropbox account was changed and it would have been impossible for him to change the password himself or direct that it be changed.

3. Iossifov objects to ¶ 22 of the PSR for the reasons set forth in his objection to ¶ 19.

4. Iossifov objects to ¶ 27 of the PSR. The United States has the burden of proving the appropriate loss amount under USSG §2B1.1. *See, e.g., United States v. Peppel*, 707 F.3d 627, 644 (6th Cir. 2013); *United States v. Jones*, 641 F.3d 706, 712 (6th Cir. 2011). As will be established at the sentencing hearing, it cannot be proven that the loss exceeds $3,500,00.00. The spreadsheets (United States' Exhibits 137A, 138A, 140A, 139A) introduced at trial by the United States do not indicate the bitcoin addresses of the sender and recipient of the bitcoins. More specifically, the spreadsheets include numerous transactions with addresses that were not used by RG Coins or Iossifov. The spreadsheets also include transactions of Bulgarian clients that have nothing to do with the Romanian co-defendants in question and their fraudulent conduct. Furthermore, the site used to prepare the spreadsheets reflects the average price of bitcoin on several exchanges. The price of Blockchain.info is higher, and at some times much higher than the price at which RG Coins used in exchanging bitcoin for its customers, including the co-defendants. This leads to an

artificial increase in the loss amount. If an accurate analysis of the transactions is conducted, the loss amount of bitcoins sold by the co-defendants is no more than $1,853,229.00. Consequently, the base offense level should be no more than 24.

5. Iossifov objects to ¶ 31 of the PSR for the reasons stated in his objections to ¶¶ 19 and 22 of the PSR.

6. Iossifov objects to ¶ 54 of the PSR. Based on the objections to his base offense level and the obstruction adjustment set forth above, the guideline imprisonment range should be no more than 78 months to 97 months.

### B. A SENTENCE BELOW THE APPLICABLE GUIDELINE RANGE IS WARRANTED UPON DUE CONSIDERATION OF ALL 18 U.S.C. § 3553(a) FACTORS

### THE SECTION 3553(a) SENTENCING FACTORS

The Court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a)(2). In fulfilling that directive, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Koon v. United States,* 518 U.S. 81, 113 (1996). "Underlying this tradition is the principle that 'the punishment should fit the offender and not merely the crime.'" *Pepper v. United States,* 562 U.S. 476, 487-88 (2011) (quoting *Williams v. New York,* 337 U.S. 241, 247 (1949)). "Both Congress and the Sentencing Commission thus expressly preserved the traditional discretion of sentencing courts to 'conduct an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come.'" *Id.* at 489 (quoting *United States v. Tucker,* 404 U.S. 443, 446 (1972)). As a result, the Sentencing Guidelines are only a "'starting point'" or an

"'initial benchmark,'" with the district court retaining the discretion to impose a sentence "based on appropriate consideration of all of the factors listed in § 3553(a)." *Id.* at 490 (quoting *Gall v. United States,* 552 U.S. 38, 49-51 (2007)).

### 1. The nature and circumstances of the offense and the history and characteristics of the defendant

Pursuant to 18 U.S.C. § 3553(a)(1), the Court is to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The Supreme Court "has long recognized that sentencing judges 'exercise a wide discretion' in the types of evidence they may consider when imposing sentence and that '[h]ighly relevant – if not essential – to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics.'" *Pepper,* 562 U.S. at 480 (quoting *Williams,* 337 U.S. at 246-47). "[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing." *United States v. Bryson,* 229 F.3d 425, 426 (2d Cir. 2000). Iossifov is fifty-three years old and the instant offense is the first criminal offense with which he has ever been charged. While it is acknowledged that the crimes charged in the indictment are not victimless crimes, the uncontroverted proof at trial was that Iossifov did not know the nature, and certainly not the specifics, of the frauds being perpetrated on the victims in the United States even if, as the jury concluded, he was "deliberately ignorant" that the bitcoin he was exchanging could be the result of fraudulent activity. Although criminal history is a factor considered by the Guidelines, when coupled with Iossifov's lack of knowledge as to the specifics of the fraud being perpetrated in the United States, Iossifov's previously spotless record warrants a sentence below the range contemplated by the Guidelines is appropriate.

## 2. The need for the sentence to deter, protect, and rehabilitate

If a sentence is to satisfy 18 U.S.C. § 3553(a)(2) it is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)(2)(A); it is "to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B); it is "to protect the public from further crimes of the defendant," § 3553(a)(2)(C); and it is "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(D). Imposition of a substantial but lesser sentence would satisfy the statutory sentencing factors. Iossifov had not been to the United States since his extradition from Bulgaria. There is no evidence that he will ever return to the United States once he is released. He will have been in custody in a foreign land for 23 months at the time of sentencing. Given these circumstances, a sentence well below that called for by the Sentencing Guidelines would still satisfy the requirements of 18 U.S.C. § 3553(a)(2).

## C. RECCOMENDATIONS TO BUREAU OF PRISONS AND ATTORNEY GENERAL

28 U.S.C. § 4100 *et seq.* provides for transfer of a foreign national to the foreign national's country of origin for service of a sentence of imprisonment where the foreign national's country of origin is party to a treaty with the United State providing for such a transfer. Bulgaria and the United States are parties to a treaty providing for reciprocal transfer of offenders. *See* https://www.justice.gov/criminal-oia/list-participating-countriesgovernments. Iossifov respectfully requests that the Court recommend to the Attorney General that he be transferred to Bulgaria for service of any sentence of imprisonment imposed by the Court.

As noted in the PSR, Iossifov suffers from several medical conditions, including high blood pressure, elevated cholesterol levels, and an injured knee. As a result, Iossifov respectfully

requests that the Court recommend to the Bureau of Prisons that he receive medical care for these conditions.

D. **WITNESS LIST**

Iossifov will testify regarding inaccuracies in the United States' Exhibits 137A, 138A, 139A and 140A. His testimony is expected to take thirty to forty-five minutes.

Respectfully submitted,

*/s/ John Kevin West*
John Kevin West (81802)
STEPTOE & JOHNSON PLLC
41 South High Street, Suite 2200
Columbus, Ohio 43215
(614) 458-9889 phone
(614) 221-0952 fax
kevin.west@steptoe-johnson.com
*Counsel for Defendant Rossen Iossifov*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 5th day of January, 2021, the foregoing "**Defendant Rossen Iossifov's Sentencing Memorandum And Witness List**" was duly served via the Court's ECF system, which will give notice to all counsel of record.

*/s/ John Kevin West*
John Kevin West (81802)
*Counsel for Defendant Rossen Iossifov*